IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02081-GPG

WILLIAM A. MAUNZ,

    Applicant ,

v.

SAN CARLOS CORRECTIONAL FACILITY (S.C.C.F.),
L. TAFOYA, and
CDOC, et al.,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, William A. Maunz, is a prisoner in the custody of the Colorado Department of Corrections. The operative pleading in this action is the second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 13) filed December 2, 2015. Mr. Maunz primarily challenges a decision revoking his parole following a hearing on August 28, 2015. Although not entirely clear, he also may be challenging the validity of a conviction in Denver District Court case number 15CR1697. As relief he asks either to be reinstated to parole or to be released from custody.

    On December 3, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Preliminary Response that addresses the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. On January 7, 2016, Respondents filed a Preliminary Response (ECF No. 27) arguing that Mr. Maunz has failed to exhaust state remedies for his claims in the second amended

application. Mr. Maunz has not filed a reply to the Preliminary Response despite being given an opportunity to do so. Instead, on February 25, 2016, he filed a "Motion for Extension/Enlargement" (ECF No. 31) seeking a second extension of time because he has filed a postconviction Rule 35(b) motion in the Denver District Court seeking injunctive relief with respect to his parole revocation and he is waiting for a final ruling on that motion. Mr. Maunz also alleges in the "Motion for Extension/Enlargement" that he has filed in state court a postconviction Rule 35(c) motion that was denied.

The Court must construe the second amended application and other papers filed by Mr. Maunz liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Regardless of whether Mr. Maunz is challenging the revocation of his parole pursuant to § 2241 or the validity of a criminal conviction pursuant to 28 U.S.C. § 2254, he must exhaust state remedies prior to seeking relief in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Maunz fails to demonstrate or even allege that he has fairly presented his claims to the state's highest court prior to commencing this action. Furthermore, the February 25 "Motion for Extension/Enlargement" demonstrates that Mr. Maunz has not

yet exhausted state remedies.   Therefore, the "Motion for Extension/Enlargement" will be denied and the action will be dismissed without prejudice for failure to exhaust state remedies.   If Mr. Maunz wishes to pursue his claims in federal court after exhausting state remedies, he may file a new action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the "Motion for Extension/Enlargement" (ECF No. 31) is denied. It is

FURTHER ORDERED that the second amended habeas corpus application (ECF No. 13) is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  1st  day of    March    , 2016.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court