IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02081-LTB

WILLIAM A. MAUNZ,

    Applicant,

v.

SAN CARLOS CORRECTIONAL FACILITY (S.C.C.F.),
L. TAFOYA, and
CDOC, et al.,

    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

Applicant, William A. Maunz, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Maunz has filed *pro se* a "Motion to Reconsider" (ECF No. 39) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 32) and the Judgment (ECF No. 33) entered in this action on March 1, 2016. The Court must construe the motion liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

The Court dismissed the instant habeas corpus action without prejudice for failure to exhaust state remedies because Mr. Maunz failed to demonstrate or even allege that he had fairly presented his claims to the highest state court prior to commencing this action. Mr. Maunz alleges in the motion that the Court is biased and prejudiced against him and that the Court violated his constitutional right to due process by dismissing this

action without granting his motion for extension of time (ECF No. 31) filed on February 25, 2016.   Mr. Maunz also contends his right to effective assistance of counsel was violated because the Court ignored a motion for appointment of counsel.   Finally, Mr. Maunz alleges that his appeal currently pending in the Colorado Supreme Court creates a conflict of interest for exhausting state remedies.

The Court construes Mr. Maunz's allegation that the Court is biased and prejudiced against him as a motion to recuse pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.   Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party.   Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice.   *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).   "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."   *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).   Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).   The moving party has a substantial burden "to demonstrate that the judge is not impartial."   *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   The goal of this provision is to avoid even the appearance of partiality.   *See Liljeberg v. Health Servs.*

*Acquisition Corp.*, 486 U.S. 847, 860 (1988).   Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted).   The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.   See *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Maunz has not submitted a timely and sufficient affidavit of personal bias and prejudice and he fails to make any reasoned argument that would demonstrate an appearance of partiality.   Mr. Maunz merely disagrees with the Court's order dismissing this action.   However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."   *Liteky v. United States*, 510 U.S. 540, 555 (1994).   Therefore, the motion will be denied to the extent Mr. Maunz may be asking the Court to recuse.

Mr. Maunz also asks the Court to reconsider the order of dismissal.   A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."   *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.   See Fed. R. Civ. P. 59(e).   The Court will consider the motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action.   See *Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior

version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).   Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Maunz fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action.   In fact, Mr. Maunz still fails to demonstrate or even allege that he exhausted state remedies prior to commencing this action.   Instead, his allegations in the motion for extension of time filed February 25, and in the motion to reconsider, make clear that he still has not exhausted state remedies.   Furthermore, his allegation that his current appeal pending in state court creates a conflict of interest for exhausting state remedies is nonsensical.   Therefore, the motion to reconsider will be denied.   Accordingly, it is

ORDERED that the "Motion to Reconsider" (ECF No. 39) is DENIED.

DATED at Denver, Colorado, this  21st  day of     March         , 2016.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court